UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLA J. JENKINS,

                                Plaintiff,            Case # 18-CV-6092-FPG

v.                                                            DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

## INTRODUCTION

Plaintiff Carla J. Jenkins brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 14, 18. For the reasons that follow, the Commissioner's motion is GRANTED and Plaintiff's motion is DENIED.

## BACKGROUND

On May 22, 2012, Jenkins protectively applied for DIB with the Social Security Administration ("the SSA"). Tr.[1] 319-20. She alleged disability since December 16, 2010 due to a back injury and depression. Tr. 175, 349. On January 24, 2014, Jenkins and a vocational expert ("VE") testified at a hearing before Administrative Law Judge Connor O'Brien ("the ALJ"). Tr. 39-85. On April 25, 2014, the ALJ issued a decision finding that Jenkins was not disabled. Tr.

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 10.

172-87. On July 22, 2015, the Appeals Council granted Jenkins's request for review and remanded her case to the ALJ for further proceedings. Tr. 188-93.

On June 10, 2016, Jenkins and a VE testified at a second hearing before the ALJ. Tr. 86-157. On January 13, 2017, the ALJ issued a decision finding that Jenkins was not disabled. Tr. 17-33. On December 1, 2017, the Appeals Council denied Jenkins's request for review. Tr. 1-8. On January 30, 2018, Jenkins filed this action that seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted). It is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F. 3d 496, 501 (2d Cir. 1990) (holding that review of the Secretary's decision is not de novo and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. *Id.* § 404.1509. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**DISCUSSION**

I. **The ALJ's Decision**

The ALJ analyzed Jenkins's claim for benefits under the process described above. At step one, the ALJ found that Jenkins had not engaged in substantial gainful activity from her alleged onset date of December 16, 2010 through her date last insured of December 31, 2015. Tr. 19-20. At step two, the ALJ found that Jenkins has the following severe impairments: degenerative disc disease of the lumbar spine with neuropathy, episodic incontinence, and depressive and anxiety disorders. Tr. 20. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 20-21.

Next, the ALJ determined that Jenkins retains the RFC to perform light work[2] with additional limitations. Tr. 21-32. Specifically, the ALJ found that Jenkins can sit for three hours and stand and/or walk for six hours in an eight-hour workday; must stand for at least five minutes after sitting for 30 minutes and sit for up to five minutes after standing or walking for one hour; can push and pull up to 20 pounds on a flat, low friction surface; cannot kneel, crawl, climb ropes, ladders, or scaffolds, or balance on narrow, slippery, or moving surfaces; can rarely stoop or bend to the floor; can occasionally crouch and climb stairs; and can tolerate occasional exposure to hazards like unprotected heights or machinery. Tr. 21. As to her mental capacity, the ALJ found that Jenkins can adjust to occasional workplace changes; can focus for two-hour periods but not

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

for extended periods; can make work-related decisions; can occasionally interact with the public and work in a team; and needs up to three, unscheduled, less-than-five-minute breaks. *Id.*

At step four, the ALJ found that Jenkins cannot perform her past relevant work. Tr. 32. At step five, the ALJ relied on the VE's testimony and found that Jenkins can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 32-33. Specifically, the VE testified that Jenkins can work as a photocopy machine operator, mail clerk, and garment folder. Tr. 33. Accordingly, the ALJ concluded that Jenkins was not disabled. *Id.*

## II. Analysis

Jenkins primarily argues that that the Court should remand this matter because the ALJ failed to comply with the Appeals Council's remand order.[3] ECF No. 14 at 9-19. The Court disagrees and affirms the Commissioner's decision.

### A. Appeals Council Remand Order

When the Appeals Council remands a case, the ALJ "shall take any action" that the Appeals Council orders and "may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). The Court will remand a case where the ALJ did not abide by the directives in the Appeals Council's order. *Savino v. Astrue*, No. 07-CV-4233 (DLI), 2009 WL 2045397, at *9 (E.D.N.Y. July 8, 2009) (citations omitted).

Here, the Appeals Council determined that the ALJ's 2014 decision had two issues that required remand. First, the Appeals Council found that the ALJ miscalculated Jenkins's date last insured. Tr. 190. Specifically, the ALJ found that Jenkins met the insured status requirements through December 31, 2012, but record evidence indicated that she met the insured status

---

[3] Jenkins makes other, related arguments that the Court addresses at the end of this decision.

5

requirements through December 31, 2015. *Id.* The ALJ's 2014 decision found Jenkins not disabled from her alleged onset date of December 16, 2010 through December 31, 2012, which resulted in an unadjudicated period. *Id.* The parties do not dispute that the ALJ corrected this error in her 2017 decision, which clearly analyzes Jenkins's ability to work through December 31, 2015.

Second, the Appeals Council found that the ALJ did not address opinion evidence from Rathin Vora, M.D., Jason Huang, M.D., Cristina Demian, M.D., and V. Reddy, Ph.D. Tr. 190-91. The Appeals Council directed the ALJ to discuss and explain the weight given to those opinions on remand. Tr. 191.

The Appeals Council's order contained additional directions for the ALJ on remand. Specifically, the Appeals Council directed the ALJ to: (1) issue findings as to Jenkins's disability status during the entire period at issue; (2) further consider Jenkins's RFC with specific references to record evidence and proper evaluation of the medical source opinions; and (3) if warranted, obtain supplemental evidence from a VE. Tr. 191-92.

### B. Compliance with Appeals Council Remand Order

Jenkins argues that the ALJ failed to properly address the opinion evidence and consider additional evidence in contravention of the Appeals Council's remand order. The Court addresses these arguments in turn below.

#### 1. Opinion Evidence

The Appeals Council found that the ALJ did not adequately address the opinions of Drs. Vora, Huang, Demian, and Reddy. Tr. 190-91 (citing Tr. 159-71, 425, 526, 642). The Appeals Council instructed the ALJ to evaluate those opinions in accordance with the SSA's regulations and explain the weight given to them on remand. Tr. 191.

6

The ALJ must "evaluate every medical opinion [she] receives, regardless of its source." *Pena v. Chater*, 968 F. Supp. 930, 937 (S.D.N.Y. 1997), *aff'd*, 141 F.3d 1152 (2d Cir. 1998) (citation omitted); *see also* 20 C.F.R. § 404.1527(c). When the ALJ evaluates a treating physician's opinion, she must give it controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *Id.* § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may discount a treating physician's opinion if it does not meet this standard, but she must "comprehensively set forth [her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion.").

When a treating physician's opinion is not given controlling weight or when the ALJ evaluates other medical source opinions, the ALJ considers the following factors: (1) whether the source examined the claimant; (2) the length, nature, and extent of the treatment relationship; (3) whether the source presented relevant evidence to support the opinion; (4) whether the opinion is consistent with the record as a whole; (5) whether a specialist rendered the opinion in his or her area of expertise; and (6) other factors that tend to support or contradict the opinion. *Id.* § 404.1527(c)(1)-(6).

Jenkins asserts that the ALJ "did not address all of the opinion evidence as directed by the Appeals Council" (ECF No. 14 at 11), presumably because she disagrees with the ALJ's decision to afford those opinions only little weight. As discussed below, however, the ALJ addressed each opinion in accordance with the regulations and the Appeals Council's remand order.

7

### a. Drs. Vora, Huang, and Demian's Opinions

In its remand order, the Appeals Council directed the ALJ to consider Dr. Vora's August 16, 2010 opinion that Jenkins was "unable to work" at that time; Dr. Huang's March 15, 2011 opinion that Jenkins was "100%" temporarily disabled at that time; and Dr. Demian's November 20, 2013 opinion that Jenkins can only lift ten pounds, can push and pull up to 25 pounds, can bend, squat, or change postures as needed, and must avoid twisting while lifting. Tr. 191 (citing Tr. 425, 526, 642).

The ALJ acknowledged all of these opinions—and other similar opinions from these doctors—and that the Appeals Council directed her to consider them. Tr. 30 (citing Tr. 425, 526, 642). The ALJ afforded "little weight" to Drs. Vora, Huang, and Demian's opinions that Jenkins was disabled because they are "based on a workers' compensation standard" and did "not reflect a function by function assessment of [Jenkins]'s ability to perform specific work-related activities." *Id.* This was a proper reason to discount those opinions because workers' compensation claims are governed by different standards than Social Security disability claims; therefore, an opinion rendered for workers' compensation purposes is not binding on the ALJ. *See Cobbins v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 126, 135 (N.D.N.Y. 2012) (noting that the ALJ properly discounted a treating physician's opinion that was rendered in the context of the plaintiff's workers' compensation benefits claim because such claims "are governed by different standards than claims for Social Security benefits") (citing *Rosado v. Shalala*, 868 F. Supp. 471, 473 (E.D.N.Y. 1994)).

Moreover, in accordance with the regulations, the ALJ noted that just because Drs. Vora, Huang, and Demian opined that Jenkins is "disabled" or "unable to work" does not mean that she must find Jenkins disabled. Tr. 30 (citing 20 C.F.R. § 404.1527(d)(1)); *see also, e.g.*, *Cobbins*, 32

F. Supp. 3d at 135 ("it is well-established that the disability determination is a matter reserved to the Commissioner.").

The ALJ also recognized that some of Drs. Vora, Huang, and Demian's assessments contained a function-by-function evaluation of Jenkins's ability to work and afforded those assessments "some weight." Tr. 31 (referring to Tr. 475, 477, 479, 486, 642, 669, 671-72, 675, 677, 679, 681). In accordance with the regulations, the ALJ recognized Jenkins's treatment relationship with those doctors but found that she could not fully credit their assessments. Tr. 31; *see* 20 C.F.R. § 404.1527(c)(2) (the ALJ will give more weight to an opinion from a treating source). Specifically, the ALJ noted that their treatment notes show "conservative treatment and a positive response to care" and found that "their assessments do not seem to correlate well with their examination findings," which is a proper reason to discount those opinions under the regulations. Tr. 31; *see* 20 C.F.R. § 404.1527(c)(3) (the ALJ will give more weight to an opinion that is supported by relevant evidence).

Accordingly, for all the reasons stated, the Court finds that the ALJ properly evaluated Drs. Vora, Huang, and Demian's opinions pursuant to the Appeals Council's remand order.

### b.     Dr. Reddy's Opinion

In its remand order, the Appeals Council directed the ALJ to acknowledge and explain the weight given to State Agency psychological consultant Dr. Reddy's September 24, 2012 opinion. Tr. 191 (citing Tr. 159-71). In her 2017 decision, the ALJ summarized Dr. Reddy's opinion and afforded it "little weight" because Dr. Reddy is a non-examining source. Tr. 30. This was a proper reason to discount Dr. Reddy's opinion—the SSA's regulations provide that the ALJ will "give more weight to the medical opinion of a source who has examined [the claimant] than to the medical opinion of a medical source who has not examined [the claimant]." 20 C.F.R. §

9

404.1527(c)(1). The ALJ also discounted Dr. Reddy's opinion because it was "not based on a review of the complete record." Tr. 30. Jenkins argues that it is "unclear" why the ALJ made this statement, but it is obvious that Dr. Reddy's opinion was based on an incomplete record because the record contains numerous documents that post-date her opinion. *See, e.g.*, Tr. 604-05, 614-42, 644-64, 666-722. "An opinion that is not based on a complete medical record cannot constitute substantial evidence," *Weston v. Colvin*, No. 1:16-CV-00272(MAT), 2017 WL 4230502, at *4 (W.D.N.Y. Sept. 25, 2017) (citing *Tarsia v. Astrue*, 418 F. App'x 16, 18 (2d Cir. 2011) (summary order)), and therefore the ALJ reasonably discounted Dr. Reddy's opinion on this basis.

Accordingly, for all the reasons stated, the Court finds that the ALJ properly evaluated Dr. Reddy's opinion pursuant to the Appeals Council's remand order.

### 2. Newly Submitted Evidence

The Appeals Council ordered the ALJ to "[o]btain updated evidence" as to Jenkins's impairments on remand. Tr. 191. Jenkins argues that the ALJ ignored the additional evidence that she submitted because the RFC determination from the first decision and the second decision are the same. This is not true—although the RFC determinations are similar, they are not the same.[4] Regardless, the Appeals Council did not direct the ALJ to find a more restrictive RFC; it merely indicated that she must "[g]ive further consideration" to Jenkins's maximum RFC by applying the proper legal standards. *Id.*

Jenkins also argues that the ALJ disregarded additional evidence because she rejected a social worker's opinion that was prepared after Jenkins's date last insured.[5] Jenkins ignores the

---

[4] The second RFC determination further limits Jenkins in several ways. The ALJ found, for example, that Jenkins needs to sit for up to five minutes after standing or walking for an hour, can rarely bend to the floor, and cannot kneel, crawl, focus for extended periods, be exposed to unprotected machinery, or balance on narrow, slippery, or moving surfaces. Tr. 21 (compare to Tr. 179).

[5] A social worker is an "other source" rather than an "acceptable medical source," and therefore this opinion was not entitled to controlling weight. *Martino v. Comm'r of Soc. Sec.*, No. 1:17-CV-01071 EAW, 2018 WL 5118318, at *7

fact that the ALJ did not reject the social worker's opinion on this basis alone—she also found the opinion inconsistent with Jenkins's therapy treatment records, which was a permissible reason to discount that opinion. Tr. 31 (citing Tr. 694, 715-16, 718-22); *see* 20 C.F.R. § 404.1527(c)(4) (the ALJ will give more weight to a medical opinion that is consistent with the record as a whole).

The record contains nearly 70 pages that post-date the ALJ's 2014 decision, and the ALJ devotes more than two pages of her 2017 decision to summarizing that additional evidence. Tr. 25-27, 645-64, 668-83, 685-716, 718-22. Thus, the Court finds that the ALJ did not violate the Appeals Council's order to obtain updated evidence and that the ALJ adequately considered this evidence in making her determination.

### C. Additional Arguments

Jenkins makes several other arguments that all relate to the ALJ's purported failure to follow the Appeals Council's remand order. ECF No. 14 at 14-19. As discussed above, the Court finds that the ALJ complied with the Appeals Council's order. Nonetheless, the Court will briefly analyze Jenkins's remaining arguments.

#### 1. Treating Physician Rule

Jenkins argues that the ALJ failed to comply with the treating physician rule,[6] because the Appeals Council found that the ALJ erred by not giving controlling weight to all of her treating physicians' opinions. ECF No. 14 at 14-15. This is not true—the Appeals Council found that the ALJ erred by failing to address, adequately discuss, and explain the weight given to the treating opinions, not that the ALJ should have given those opinions controlling weight. Tr. 190-91. The

---

(W.D.N.Y. Oct. 19, 2018); *see also* 20 C.F.R. § 404.1513(a), (d) (effective Sept. 3, 2013 to Mar. 26, 2017); S.S.R. 06-03p, 2006 WL 2329939 (S.S.A. Aug. 9, 2006).

[6] As discussed above, the treating physician rule instructs the ALJ to give controlling weight to a treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2).

11

Appeals Council did not direct the ALJ to afford the opinions controlling weight on remand; rather, it directed her to evaluate the opinions in accordance with the regulations. *Id.*

As discussed above, the Court finds that the ALJ complied with the Appeals Council's remand order and properly evaluated the treating opinions. Accordingly, the Court finds no error on this basis.

### 2. Duty to Develop the Record

The ALJ has an affirmative duty to develop the administrative record due to the "non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Thus, the ALJ must "make every reasonable effort" to develop a claimant's "complete medical history" for at least the 12 months before the month in which the claimant applied for benefits. 20 C.F.R. § 404.1512(b)(1).

Jenkins argues that the ALJ failed to develop the record. ECF No. 14 at 13-14. Specifically, she contends that the ALJ did not follow the Appeals Council's order to "[o]btain updated evidence" because Jenkins is the one who submitted an updated medical source statement from her social worker and the ALJ "admittedly dismissed said evidence" based on when it was prepared. *Id.* It is irrelevant whether Jenkins submitted an updated medical source statement or the ALJ secured it herself because, no matter how it was obtained, that evidence was before the ALJ for her consideration.[7] As discussed previously, the ALJ properly discounted the social worker's opinion and considered multiple documents that post-date her 2014 decision.

Jenkins does not point to any part of the record that needs further development and any argument in that regard would be unproductive—the record contains four consultative examination

---

[7] The Appeals Council did not require the ALJ to obtain updated medical source statements—it merely indicated that the ALJ would obtain updated evidence that "*may* include, *if warranted and available*, . . . medical source statements." Tr. 191 (emphasis added).

12

opinions (two mental and two physical); many examination notes and disability ratings from Drs. Vora, Huang, and Demian, as discussed above; Dr. Reddy's consultative psychological review; evidence from Drs. Bruce Barron, Michael R. Privitera, Linda L. Clark, and Thomas LeTourneau, and social workers Julie Kogler and Julie Hofmann; and other treatment records.

Accordingly, for all the reasons stated, the Court finds no error on this basis.

### 3. Step Five Finding

At step five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether she can adjust to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1560(c). At this step, it is the Commissioner's burden to prove that the claimant can transition to other work. *Baron v. Astrue*, No. 08-CV-3303 (CBA), 2010 WL 563069, at *5 (E.D.N.Y. Feb. 17, 2010). "In satisfying this burden, the Commissioner must produce evidence to show alternative employment that exists in significant numbers in the national economy." *Id.* (citation omitted).

Jenkins argues that the ALJ's failure to adhere to the Appeals Council's remand order and to fully credit the opinion evidence led to an improper step five finding. Specifically, Jenkins asserts that the ALJ should have found her disabled because the opinion evidence demonstrated that she could perform less than a full range of sedentary work. ECF No. 18 at 17-19 (citing VE testimony at Tr. 153-54). The Court rejects this argument because it is premised entirely on an RFC determination—one for sedentary work with additional limitations—that did not exist in this case. Accordingly, the Court finds no error on this basis.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 18) is GRANTED and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED. Plaintiff's

Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 7, 2019
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court